# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.,** | \* |
| | \* |
| Plaintiff, | |
| v. | \*     Case No.: GJH-18-2955 |
| **RAHI CORP., et al.,** | \* |
| Defendants. | \* |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Choice Hotels International, Inc. ("Plaintiff") initiated this action by filing an Application to Confirm Arbitration Award. ECF No. 1. Pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff has filed a Request for Judgment by Default, with a supporting affidavit, as to Defendants Rahi Corp. and Nishil Patel ("Defendants"). ECF No. 6. A hearing is not necessary in this case. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Plaintiff's Request for Default Judgment will be granted.

### I. BACKGROUND

Plaintiff is a "publicly-traded company incorporated under the laws of the State of Delaware with principal place of business located in Rockville, Maryland." ECF No. 1 ¶ 1.[1] Plaintiff "is primarily in the business of franchising hotels domestically and internationally under its trade and brand marks, names and systems, including but not limited to the trade and brand marks, names and systems associated with Rodeway Inn & Suites ®." *Id.* Defendant Rahi Corp. is "a corporation organized under the law of the state of Georgia with principal place of business

---

[1] All facts herein are taken from Plaintiff's Application to Confirm Arbitration Award, ECF No. 1, and its attached exhibits.

in Suwanee, GA." *Id.* ¶ 2. "Defendant Rahi Corp. has no place of business in either the state of Maryland or the state of Delaware." *Id.* "Defendant Rahi Corp. is owned entirely by Nishil Patel, a citizen of the state of Georgia." *Id.* Defendant Nishil Patel "is an individual who at all times relevant to these and underlying proceedings was and is currently a citizen of and is domiciled in the state of Georgia." *Id.* ¶ 3.[2]

On or about December 17, 2015, Plaintiff entered into a "Franchise Agreement" with Defendants, under which Plaintiff licensed Defendants to open and operate a Rodeway Inn & Suites hotel in Enterprise, Alabama ("Hotel"). *Id.* ¶ 4. The Franchise Agreement contained an arbitration clause, stating in relevant part that "any controversy or claim arising out of or relating to this Agreement or any other related agreements, or the breach of this Agreement or any other related agreements . . . will be sent to final and binding arbitration in the state of Maryland before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum in accordance with the Commercial Arbitration Rules of the American Arbitration Association." *See* ECF No. 1-3 at 2;[3] ECF No. 1 ¶ 7. According to Plaintiff's Application to Confirm Arbitration Award:

> On or about August 16, 2016, Plaintiff learned that Defendants had lost possession of the Hotel in a foreclosure proceeding in violation of the Franchise Agreement. Pursuant to §10(b)(2)(b) of the Franchise Agreement, loss of possession is grounds for termination upon notice. Accordingly, Plaintiff terminated the Franchise Agreement via written notice dated August 16, 2016, which made demand for immediate payment of contractually specified fees, interest, and liquidated damages for the period before the foreclosure. Defendants did not pay the contractually required and specified fees, interest, or liquidated damages amount to Plaintiff.

---

[2] Paragraph 3 of the Application also makes a reference to "Defendant Dilpreet Saini." Because no other defendants besides Rahi Corp. and Nishil Patel appear in the caption of Plaintiff's Application, nor were any served, the Court will assume this reference was in error.
[3] Pin cites to documents filed on the Court's electronic filing system(CM/ECF) refer to the page numbers generated by that system.

2

ECF No. 1 ¶¶ 5–7.

On or about January 10, 2017, Plaintiff initiated arbitration proceedings against Defendant with the American Arbitration Association ("AAA"), Case No. 01-18-0000-4688, "seeking resolution of its dispute with Defendants." *Id.* ¶ 7; *see* ECF No. 1-4 at 1. "Specifically, Plaintiff claimed that Defendants materially breached the parties' Franchise Agreement by losing possession of the Hotel." ECF No. 1 ¶ 7.

Arbitration proceedings were scheduled for June 12, 2018. *See* ECF No. 1-4 at 1. Plaintiff sent notice of the proceedings to Defendants at their last known address "by regular mail, certified mail and/or overnight FedEx delivery." ECF No. 1 ¶ 9. Plaintiff "submitted its documents and brief in adherence to the schedule established" by the arbitrator. ECF No. 1-4 at 1. Defendants "failed to submit any documents or argument." *Id.* "The Arbitrator reached out to [Defendants], again requesting any submission," but received no response. *Id.* "Defendants failed to appear or participate during any proceeding." ECF No. 1 ¶ 9.

On June 25, 2018, having determined that Defendants "failed to appear after due notice by mail in accordance with the Rules of the American Arbitration Association," the arbitrator entered an award in Plaintiff's favor against Defendants in the amount of $75,685.25. ECF No. 1-4 at 2. The "total award" consisted of $73,135.25 in "unpaid franchise fees, interest, and lost profits and damages, as calculated from the franchise agreement between the parties," as well as $1,550.00 for the "fees of the American Arbitration Association" and $1,000 for "the fee of the Arbitrator," which Plaintiff had paid and for which Defendants were ordered to reimburse Plaintiff. *Id.* The arbitrator also ordered that the total award would "bear interest at the rate of five percent per annum from the date of this award." *Id.*

Plaintiff filed its Application to Confirm Arbitration Award in this Court on September

25, 2018. ECF No. 1. The Ex Parte Final Award, signed by Ronald Birch of the AAA on June 25, 2018, is attached to the Application. ECF No. 1-4. Plaintiff named Rahi Corp. and Nishil Patel as defendants. ECF No. 1. The court issued summons to Defendants on September 25, 2018, and the summons were returned as executed on October 2, 2018. ECF No. 3; ECF No. 4. The Clerk made an entry of default for want of answer or other defense with respect to Rahi Corp. and Nishil Patel on September 18, 2019. ECF No. 8. Plaintiff now requests that the Court issue judgment by default against Defendants. ECF No. 6.

## II. DISCUSSION

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Choice Hotels Int'l, Inc. v. Khan*, No. DKC 17-3572, 2018 WL 1046301, at *2 (D. Md. Feb. 26, 2018) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). When a motion for default judgment is based on an application for confirmation of an arbitration award, the plaintiff "must show that it is entitled to confirmation of the arbitration award as a matter of law." *Id.* (quoting *United Cmty. Bank v. Arruarana*, No. 1:10cv248, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011)).

Under the Federal Arbitration Act, a court may confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ." 9 U.S.C. § 9. The Court must confirm the award unless it vacates, modifies, or corrects the award pursuant to 9 U.S.C. §§ 10 or 11. *Id.* "Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the Federal Arbitration Act, or if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The situations permitting a court to vacate an arbitration award are found at 9 U.S.C. § 10(a), which provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration—
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

"The exceptions to confirmation of awards are strictly limited to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F. Supp. 312, 317 (D. Md. 1992). In essence, the Court's role in reviewing an arbitrator's decision is "to determine only whether the arbitrator did his job—not whether he did it well, correctly, or reasonably, but simply whether he did it." *Wachovia Sec., LLC v. Brand*, 671 F.3d 472, 478 (4th Cir. 2012) (internal quotation marks omitted) (quoting *U.S. Postal Serv. v. Am. Postal Workers Union*, 204 F.3d 523, 527 (4th Cir. 2000)).

Here, Plaintiff's claims were properly before the AAA under the arbitration clause of the parties' Franchise Agreement, which Plaintiff also refers to as the "Arbitration Agreement." *See* ECF No. 1-3; ECF No. 1 ¶ 7. Despite being "duly and properly notif[ied] . . . of all proceedings relating to the arbitration proceedings . . . Defendants failed to appear or participate during any proceeding." ECF No. 1 ¶ 9. "The arbitration was conducted pursuant to the parties' Arbitration Agreement under the laws of the State of Maryland and in accordance [with the] Commercial

5

Rules of the AAA." *Id.* ¶ 15. "After considering the evidence presented by Plaintiff at the hearing and AAA's record, the arbitrator determined and ruled . . . that Defendants had received due and proper notice of all proceedings in accordance with AAA's Commercial Rules, the [Franchise Agreement], and Maryland law." *Id.* ¶ 11. The arbitrator then determined that Defendant had breached the parties' Franchise Agreement and "made a monetary award in Plaintiff's favor against Defendants." *Id.* ¶¶ 11–12.

The Court finds no reason in the record to question the validity of the Franchise Agreement or the conduct of the arbitrator. *See Choice Hotels Int'l, Inc. v. Harikrishna, Inc.*, No. GJH-15-3528, 2016 WL 5115326, at *3 (D. Md. Sept. 19, 2016). Further, the parties agreed in the Franchise Agreement that "[i]f any party fails to appear at any properly noticed arbitration proceeding, an award may be entered against the party, notwithstanding its failure to appear." ECF No. 1-3 at 2. The parties also agreed that "[j]udgment on the arbitration award may be entered in any court having jurisdiction." *Id*. The Court has jurisdiction over this matter because the parties are diverse and the amount of the arbitration award for which Plaintiff seeks confirmation exceeds the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *see also Choice Hotels Int'l, Inc. v. Jai Shree Navdurga, LLC*, No. DKC 11-2893, 2012 WL 5995248, at *1, *3 (D. Md. Nov. 29, 2012) (finding diversity jurisdiction existed in a suit to confirm an arbitration award consisting of $75,000.00 in liquidated damages and $1,975.00 in AAA administrative fees and arbitrator compensation).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Request for Judgment by Default, ECF No. 6, will be granted. Judgment by default is entered in favor of Plaintiff Choice Hotels International, Inc. and against Defendants Rahi Corp. and Nishil Patel in the amount of $76,085.25, representing

the arbitrator's total award of $75,685.25, plus post-award interest on that amount at the rate of five percent per annum from the date of the award until paid as awarded by the arbitrator, and costs of this action totaling $400.00, which Plaintiff requested in its Application to Confirm Arbitration Award. ECF No. 1 at 6. A separate Order shall issue.

Date: <u>September    23, 2019</u>                             __/s/_____
                                                               GEORGE J. HAZEL
                                                               United States District Judge